IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROSALINO CASTRO, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § Civil Action No. 4:22-cv-472-O |
| | § |
| BOBBY LUMPKIN, | § |
| DIRECTOR, TDCD-CID, | § |
| | § |
| Respondent. | § |

## OPINION AND ORDER

Came on for consideration the petition of Rosalino Castro under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

**I.    BACKGROUND**

Petitioner was convicted under Case No. 1554677R in the Criminal District Court No. 1, Tarrant County, Texas, of engaging in organized criminal activity, to wit: unauthorized use of a motor vehicle, and of unauthorized use of a vehicle and sentenced to terms of imprisonment of forty-five years and fifteen years, respectively, to run concurrently. ECF No. 13-25 (SHCR-03) at 7–8, 9–10. His convictions and sentences were affirmed on appeal. *Castro v. State*, No. 02-18-00474-CR, 2020 WL 98132 (Tex. App.—Fort Worth Jan. 9, 2020, pet. ref'd). On May 6, 2020, the Court of Criminal Appeals of Texas refused his petition for discretionary review. *Id.*

On February 28, 2021, Petitioner filed a state application for writ of habeas corpus. ECF No. 13-25 (SHCR-03) at 30. On August 17, 2021, he filed a supplemental state application. *Id.* at 140. The state habeas court obtained an affidavit from trial counsel. ECF No. 13-25 (SHCR-03) at 129–38. Both the State and Petitioner submitted proposed findings of fact and conclusions of

law. ECF No. 13-26 (SHCR-03 Supp.) at 5–14 (State's proposed findings and conclusions), 21–28 (Petitioner's proposed findings and conclusions). The trial court adopted the State's proposed findings and conclusions. *Id.* 32–33. On March 2, 2022, the Court of Criminal appeals denied the application without written order on the findings of the trial court and on its own independent review of the record. ECF No. 13-27 (SHCR-03) Action Taken.

## II.   GROUNDS OF THE PETITION

On May 24, 2022, Petitioner filed his federal application for writ of habeas corpus. ECF No. 1 at 10. In it, he asserts two grounds. First, he says that he received ineffective assistance of counsel at trial because counsel: (a) failed to investigate pretrial and/or attempt to contact a key witness, (b) failed to convey State's plea offer prior to trial, (c) failed to provide any defense to the prosecution's case at trial, (d) failed to request vetting/voir dire of the State's expert witness, and (e) conceded Petitioner's guilt to the jury in violation of his wishes. *Id.* at 6; ECF No. 2 at 2–5. Second, he says he received ineffective assistance of counsel on appeal because appellate counsel: (a) failed to contest the sufficiency of the evidence supporting his conviction, and (b) failed to raise the issue of trial counsel's failure to hold voir dire on the State's alleged expert witness in accordance with Texas Rule of Evidence 705(b). ECF No. 1 at 6; ECF No. 2 at 6–7.

Respondent answers that the second ground of the petition is unexhausted and procedurally barred and that both grounds are meritless. ECF No. 12.

## III.   APPLICABLE LEGAL STANDARDS

### A.   Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court

proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210

F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.     Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other

words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### C. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000)(*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where, as here, the state court adjudicated the ineffective assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*,

5

562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

### A. Unexhausted Ground

The record reflects that Petitioner did not assert in his state application or supplemental application for writ of habeas corpus any ground based on alleged ineffective assistance of appellate counsel. ECF No. 13-25 (SHCR-03) at 20–27, 145–48. The ground could not have been, and was not, presented on direct appeal. *Castro*, 2020 WL 98132. Accordingly, the ground is unexhausted. *Picard*, 404 U.S. at 275–76. In addition, it could not now be presented in state court as it would be barred by Texas's abuse-of-the-writ doctrine. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Although the Court may reach the merits of unexhausted claims if the petitioner demonstrates either (1) cause and prejudice, or (2) actual innocence, Petitioner has made no attempt to show that either applies. There is no reason that he could not have presented this ground in his first state habeas application. And, although Petitioner mentions innocence as a reason to grant relief, ECF No. 1 at 7, he does not point to any "new reliable evidence" much less show that he is actually innocent. *Schlup*, 513 U.S. at 324.

B.   **Ineffective Assistance of Trial Counsel**

On appeal, Petitioner raised the issue of ineffective assistance of trial counsel and the appellate court declined to consider it for lack of an adequate record. *Castro*, 2020 WL 98132, at *5–*6. He then raised the issue in his state habeas application. ECF No. 13-25 (SHCR-03) at 20–27, 145–48. The Court of Criminal Appeals denied relief based on the findings of the trial court and on its own independent review of the record. ECF No. 13-27 (SHCR-03) Action Taken. This was an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d at 472. Therefore, to be entitled to relief, Petitioner must meet the "doubly deferential" standards of both *Strickland* and § 2254(d). This he has not done.

Petitioner first alleges that trial counsel was ineffective because he "failed to investigate pretrial and/or attempt to contact key witness." ECF No. 1 at 6. His memorandum in support names the "key witness" as Jack Edwards, but simply makes the conclusory allegation that counsel should have investigated and interviewed Edwards. ECF No. 2 at 2. His conclusory allegations are insufficient to state a ground for relief. *Miller*, 200 F.3d at 282. Claims of uncalled witnesses are not favored in any event, since presentation of testimonial evidence is a matter of trial strategy and because allegations of what witnesses would have said are largely speculative. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). In order to demonstrate prejudice under *Strickland*, the petitioner must not only show that the evidence would have been favorable, but that the witness would have testified at trial. *Evans v. Cockrell*, 370, 377 (5th Cir. 2002). Petitioner has made no attempt to do so. Moreover, the state habeas court made fact findings at odds with Petitioner's contentions and he has not shown that the findings are clearly erroneous. ECF No. 12 at 19–21 (citing record references).

7

Petitioner next alleges that trial counsel "failed to convey states [sic] plea offer prior to trial." ECF No. 1 at 6. In his memorandum, he clarifies that he is complaining of counsel's failure to appear at a court setting on October 15, 2018, the day before the case was to be tried, apparently urging that had counsel been present, a plea offer might have been made. ECF No. 2 at 2. Again, the allegation is so conclusory as to be insufficient, especially since it is not clear that a plea offer was actually made. The reply provides no clarity at all. ECF No. 14 at 2. And, indeed, the state habeas court found that such an offer was not made. ECF No. 12 at 15–18 (citing record references). Petitioner has made no attempt to show that the findings are clearly erroneous.

Petitioner's third allegation is that trial counsel "failed to provide any defense to prosecutions [sic] case at trial - literally." ECF No. 1 at 6. In his memorandum, he clarifies that he is complaining about the defense resting without putting on evidence to support the theory that somebody gave Petitioner the vehicle to sell as was mentioned in his opening statement. ECF No. 2 at 2. Of course, merely stating that counsel believed the evidence would show any particular thing is not a promise to put on evidence; nor does it obligate counsel to do so. As Respondent notes, counsel did attempt to introduce the police report that included Petitioner's statement upon arrest that he got the truck and the plywood from a black male named Jack but the State's objection to it was sustained.[1] ECF No. 13-17 (4 RR) at 84–85; ECF No. 13-22 (8 RR) at 55–60. Further, the state habeas court found that Petitioner had not identified Edwards so that counsel could interview him and failed to prove that Jack Edwards' testimony would have been favorable in any event. ECF No. 13-26 (SHCR-03 Supp.) at 7–8, 11–12. Petitioner has not

---

[1] The police report does not reflect that Petitioner said that Jack had asked him to sell the truck, only the wood in the bed. ECF No. 13-22 (8 RR) at 60.

shown that this finding was clearly erroneous, much less that counsel was ineffective in this regard.

Petitioner's fourth allegation is that trial counsel failed to request vetting or voir dire of the State's expert witness. ECF No. 1 at 6. His memorandum makes the conclusory allegation that counsel "failed to follow standard court procedure" pursuant to Texas rules for determining if the State's expert was qualified to testify. ECF No. 2 at 3. The rest of the argument relies wholly on the dissenting opinion on appeal. *Id.* at 3–4. The state habeas court made fact findings and concluded that the gang expert who testified was qualified and that counsel was not ineffective in failing to make futile objections in that regard. ECF No. 13-26 (SHCR-03 Supp.) at 8–9, 12–13. Petitioner has not shown that counsel was ineffective.

Finally, Petitioner alleges that counsel was ineffective in conceding Petitioner's guilt in violation of his wishes. ECF No. 1 at 6. His memorandum contains a conclusory discussion of legal authorities and fails to point out his specific complaint and how he was harmed as a result. ECF No. 2 at 5. As Respondent explains, this allegation was considered by the habeas court and found to be without merit. ECF No. 13-26 (SHCR-03 Supp.) at 9–10, 13–14. Petitioner has failed to rebut the presumption of correctness of the habeas court's findings.

## V.    CONCLUSION

For the reasons discussed, the petition is **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of

appealability be, and is hereby, denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED** on this 16th day of December, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**